Adelaida **AMBARTSOUMIAN**, and Anna **Gasparian** Petitioners–Appellants,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent–Appellee.

No. 02–71834.

INS Nos. A74–352–353, A74–352–354.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2003.

Decided June 20, 2003.

Before THOMAS and PAEZ, Circuit Judges, and REED, District Judge.*

## MEMORANDUM **

Adelaida Ambartsoumian ("Ambartsoumian"), a native and citizen of Armenia, petitions for review of the denial by the Board of Immigration Appeals ("BIA") and Immigration Judge ("IJ") of her claim for asylum and withholding of deportation. We grant the petition for review.[1] Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## I

The BIA properly determined that Ambartsoumian failed to establish past persecution. A threat without physical harm or detention to the applicant herself, although relevant to determining whether an applicant has a well-founded fear of persecution, is generally insufficient to demonstrate past persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) ("Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself."); *see also Fisher v. INS*, 79 F.3d 955, 961–62 (9th Cir.1996) (en banc) (analyzing whether threat was evidence of well-founded fear of persecution); *Shirazi–Parsa v. INS*, 14 F.3d 1424, 1429 (9th Cir.1994) (same); *Aguilera–Cota v. INS*, 914 F.2d 1375, 1378–79 (9th Cir.1990) (same); *Arteaga v. INS*, 836 F.2d 1227, 1231–33 (9th Cir.1988) (same); *Zavala–Bonilla v. INS*, 730 F.2d 562, 564–65 (9th Cir.1984) (same).

## II

"[A]n alien may establish eligibility for asylum based upon either past persecution or a well-founded fear of persecution." *Al–Harbi v. INS*, 242 F.3d 882, 888 (9th Cir.2001) (citations omitted). Accordingly, an inability to demonstrate past persecution does not itself defeat Ambartsoumian's claim of a well-founded fear of persecution. *Id.* at 890; *see also Avetova–Elisseva v. INS*, 213 F.3d 1192, 1201 (9th Cir.2000).

1. Anna Gasparian, the daughter and copetitioner of Adelaida Ambartsoumian is entitled to the same relief, because her petitioner is derivative of Ambartsoumain's.

To establish a well-founded fear of persecution, an applicant must show that her fear is both "subjectively genuine" and "objectively reasonable." *Al–Harbi*, 242 F.3d at 888 (citation omitted). An applicant does not need to demonstrate the likelihood of persecution. *See INS v. Cardoza–Fonseca*, 480 U.S. 421, 431, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). A well-founded fear may be established if only there is a ten-percent chance that the persecution at issue may occur. *Id.* at 440, 107 S.Ct. 1207.

Because, under the instant circumstances, the BIA adopted the IJ's reasoning without further explanation, we are required to examine whether substantial evidence supports the IJ's reasons for concluding that Ambartsoumian failed to meet her burden of proof. *See Paramasamy v. Ashcroft*, 295 F.3d 1047, 1050 (9th Cir. 2002); *Alaelua v. INS*, 45 F.3d 1379, 1382 (9th Cir.1995) (holding that when the BIA adopts the IJ's opinion, "the IJ's statement of reasons [is considered] as the BIA's" and is reviewed "for abuse of discretion").

■ Upon careful examination of the record, we conclude that Ambartsoumian established a well-founded fear of future persecution. It is undisputed that Ambartsoumian has provided sufficient evidence that she has a subjective fear of returning to Armenia. *See Fisher*, 79 F.3d at 960 ("The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution.") (quoting *Prasad v. INS*, 47 F.3d 336, 338 (9th Cir.1995)).

To demonstrate the objective component, an asylum applicant must provide credible, direct, and specific evidence of a well-founded fear. *Al–Harbi*, 242 F.3d at 888. Here, Ambartsoumian presented credible testimony that the Heheshe Party members threatened to harm herself and her daughter if her husband Sarkis contin-

ued his political support for the Dashnak Party. This testimony is sufficient to demonstrate that the Heheshe Party members threatened to harm her. *See Bolanos–Hernandez*, 767 F.2d at 1285.

The IJ and BIA thus erred by failing to consider evidence that the Heheshe Party members made specific threats against the safety of Ambartsoumian and her daughter if Sarkis continued his political involvement. *See Arteaga*, 836 F.2d at 1232 (finding error for BIA to ignore specific threat of persecution when concluding that record does not support finding of objective evidence that applicant would be singled-out for harm).

Ambartsoumian presented evidence that the Heheshe Party members made a threat against her safety, had harmed at least three family members on account of their political beliefs, had made repeated phone calls and visits looking for Sarkis, and had demonstrated their ability to find and follow her daughter. Years later, the Heheshe Party members continued to harass her husband for political reasons. The only reasonable inference from the record is that the Heheshe Party members have harmed her family members because of their political support of the Dashnak party, and as of 1997, had abandoned neither their interest in her family's political beliefs nor their desire to harm them because of such beliefs. As a matter of law, it thus was objectively reasonable for Ambartsoumian to believe that the Heheshe Party members would have the capacity and volition to act on their threat to harm her. *See, e.g., Lim*, 224 F.3d at 935 (holding that "[a]lthough [the applicant] was never confronted nor physically harmed, he was threatened with death, he was followed, he appeared on a death list, and his colleagues who received similar threats were killed"); *Bolanos–Hernandez*, 767 F.2d at 1286 (holding applicant's fear of a

threat made by guerillas was not "unreasonable" when five of his friends who had received similar threats had been killed). *Cf. Li v. Ashcroft*, 312 F.3d 1094, 1102 (9th Cir.2002) (holding well-founded fear unreasonable when claimed basis of persecution was retaliation for marriage before the legal age and the possibility of persecution no longer existed in light of the fact that applicant was now old enough to marry legally and it was physically impossible for her to avoid compliance with the law); *Rodriguez–Rivera v. INS*, 848 F.2d 998, 1005 (9th Cir.1988) (per curiam) (finding well-founded fear unreasonable when the alleged persecutor had deceased by the time of the hearing); *Aruta v. INS*, 80 F.3d 1389, 1392–93 (9th Cir.1996) (finding well-founded fear unreasonable when there was no evidence that applicant was ever "directly or indirectly the victim of any threat of any acts of aggression, harassment, or persecution").

Ambartsoumian satisfied the requirement that the persecution was "on account of" her political beliefs. To establish a likelihood of persecution on account of an imputed political opinion, an applicant must show that her alleged persecutors have imputed or would impute a political opinion to her, "rightly or in error," and have persecuted or would persecute her on that basis. *Sangha*, 103 F.3d at 1489–90. We have frequently determined that persecution was on account of imputed political opinion where an applicant was threatened or beaten because of the political activities of a close relative. *See, e.g., Rios v. Ashcroft*, 287 F.3d 895, 900–01 (9th Cir. 2002) (listing cases). A careful review of the record establishes that her family's political beliefs were imputed to Ambartsoumian. Therefore, this requirement is satisfied.

### III

■ The IJ's reliance on one passage from the State Department Country Re-

ports to find that *no* rank-and-file Dashnak member is subject to persecution appears to be both factual and legal error. As a matter of fact, the report establishes that even though there is no systematic campaign, "episodic" political intimidation against the Dashnak Party members continues. As a matter of law, the IJ erred because an asylum applicant need not establish the existence of systematic persecution to support her claim. *See Avetova–Elisseva*, 213 F.3d at 1198, 1201 (holding that where an applicant has shown that he or she would be singled out individually for persecution, there is no need to show systematic persecution); *see also Zavala–Bonilla*, 730 F.2d at 565 (finding error for BIA to "disregard[ ] general accounts of oppressive conditions" that indicate that similarly-situated individuals are subject to harm).

Because any reasonable factfinder would be compelled to find that Ambartsoumain has a well founded fear of persecution, she is eligible for a grant of asylum. We remand to allow the INS to exercise its discretion.

### IV

A petitioner who establishes eligibility for asylum raises a presumption of entitlement to withholding of deportation. *Salazar–Paucar v. INS*, 281 F.3d 1069, 1077 (9th Cir.) *as amended by* 290 F.3d 964 (2002). Because this presumption is unrebutted here, Ambartsoumian is entitled to withholding of deportation.

### V

We conclude that Ambartsoumian is eligible for asylum. We grant the petition for review and remand to allow the Attorney General to exercise his discretion with

regard to the grant of asylum. 8 U.S.C. § 1158(b)(1). The application for withholding of deportation is granted.

PETITION GRANTED.